Hillsborough,
No. 4826.

WESTON W. HAYWARD *v.* STATE.

Argued June 7, 1960.

Decided June 30, 1960.

*Leonard & Leonard* for the plaintiff.

*Louis C. Wyman,* Attorney General, *Jarlath M. Slattery,* Assistant Attorney General, and *William J. O'Neil,* Assistant to the Attorney General (*Mr. O'Neil* orally), for the State.

LAMPRON, J. The plaintiff has conceded in his brief that "under our statutes . . . he has no right to enjoin the State because of the taking of the two triangular pieces of land." There is no contention that plaintiff's constitutional rights are not protected adequately by RSA ch. 233 and the record discloses that its requirements have been complied with. Const., Pt. I, *Art.* 12th; *Goodrich Falls Co.* v. *Howard,* 86 N. H. 512, 519; *State* v. *4.7 Acres of Land,* 95 N. H. 291.

However plaintiff maintains that, in addition to these two triangular pieces, twenty acres of his land were severed in the execution of the State's highway project for which he received no compensation.

The law is clear that a just and fair compensation for the rights taken by the State would be the actual damage done to the whole land through which the road was laid out. *Petition of the Mount Washington Road Co.,* 35 N. H. 134, 146; *Edgcomb Steel Co.* v. *State,* 100 N. H. 480, 487. This would include compensation for any damage resulting to plaintiff for the severance of twenty acres of his land. *State* v. *Carkin,* 102 N. H. 264, 265.

In assessing plaintiff's damages, the Lay-Out Commission was

to include in its award all damages suffered by him including not only the value of the land taken but also whatever damage resulted from the severance complained of. RSA 233:1, 2; *Amoskeag-Lawrence Mills* v. *State,* 101 N. H. 392, 396. Plaintiff, in his appeal from the assessment made by the Commission which he filed November 25, 1957, alleged that he refused the tender made to him "because the amount of same was wholly inadequate for the damage to your petitioner's premises, and because said Commission did not consider the severance of and complete isolation of the twenty acres of said petitioner's land located South of said Turnpike and North of the Nashua River." This appeal was dismissed because it was not filed within the sixty days allowed by RSA 233:17. *State* v. *Carkin, supra,* 266.

From the record before us it appears that the substance of plaintiff's complaint is that he "is aggrieved by the decision of said Commission in the assessment of the damages" which he suffered as a result of the taking of his land by the State. RSA 233:17. His only right of redress was therefore the appeal provided by said section. *Opinion of the Justices,* 98 N. H. 533, 534.

Plaintiff alleges also that the taking of his land was illegal because the mortgagee thereof was not notified by certified mail as required by RSA 233:12-a (supp.). This section provides in part as follows: "Whenever any property is subject to a mortgage, the amount of damages tendered to the owner by check . . . shall be made payable jointly to the owner and the mortgagee . . . notice by certified mail of the amount tendered to the owner shall be sent to the mortgagee at the time of tender and the mortgagee shall be entitled to the same appeal provisions as the owner."

This section did not become effective until August 2, 1957, and has no retroactive effect on the certificate of tender in this case which was filed July 3, 1957.

The answer to the question submitted, viz; "Should the petition be dismissed?" is yes.

*Petition dismissed.*

All concurred.